UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

WILLIE DIAMOND,                )        CASE NO. 3:08 CV 661
                               )
              Plaintiff,       )        JUDGE DAVID A. KATZ
                               )
        v.                     )
                               )        OPINION AND ORDER
NURSE CRYSTAL, et al.,         )
                               )
              Defendants.      )

On March 17, 2008, pro se plaintiff Willie Diamond filed the above-captioned action under 42 U.S.C. § 1983 against Marion Correctional Institution ("MCI") Nurse Crystal, MCI Nurse Fischer, MCI Warden Ed Castenada, MCI Institutional Inspector R.D. Smith, and Ohio Department of Rehabilitation ad Correction ("ODRC") Assistant Chief Inspector Kay Northrup.  In the complaint, plaintiff alleges the defendants were deliberately indifferent to his serious medical needs and retaliated against him for filing grievances.  He seeks unspecified monetary damages, declaratory and injunctive relief, dismissal of the defendants from their various positions of employment, as well as the arrest and criminal prosecution of the defendants.

**Background**

Mr. Diamond suffers from diabetes, which he states has contributed to the development of coronary, vascular and kidney disease.  He indicates that he had tests done at the

Corrections Medical Center in Columbus, Ohio in November 2007 after he was diagnosed with kidney stones.  Upon his return to MCI, he was told he would be scheduled to see the doctor to review the results of the tests in two weeks.  He informed Nurse Crystal that he was in pain, but was told he would still have to wait to review the results with the doctor.  On November 8, 2007, he experienced severe pain and was taken to the infirmary.  The presence of the kidney stones was determined to be the cause.

On November 27, 2007, Mr. Diamond had a pass for an appointment with the prison physician. Rather than seeing the prison physician, however, he was sent to an outside hospital to be examined by a specialist.  Upon his return to the institution, he inquired about the possibility of still keeping his appointment with the prison physician, as the doctor's sick-call had not yet closed. Nurse Crystal denied the request.  He claims that as he was waiting in the infirmary for medication, Nurse Fischer permitted another inmate with a non-scheduled pass to see the doctor.  Mr. Diamond believed that the inmate merely reporting to sick call should not have been permitted to see the doctor when Mr. Diamond was denied the opportunity to keep his scheduled appointment.  He states that he asked Nurse Crystal if sick call was still active.  He contends that she laughed and replied that she thought he already knew the answer to his question.  Mr. Diamond contends that her laugh "clearly demonstrate [sic] the defendant [sic] action was retaliatory because the plaintiff file [sic] complaint [sic], [and] grievances against this defendant for her deliberate indifference to the plaintiff [sic] serious medical needs, also for issue the same process upon her retaliatory acts with anothers [sic] to conspire to violate the plaintiff [sic] due process rights."  (Compl. at 3.)

On December 18, 2007, Mr. Diamond was transported to the Corrections Medical Center for another appointment with a specialist.  During the trip, he was handcuffed and shackled.

2

He claims he was in pain and discomfort from the restraints.  When he asked the transport officers to remove the restraints, he was told that prison policy required all inmates to be handcuffed and shackled when they were outside of the institution.  He states that upon leaving the medical center, his cane became entangled with the shackles and he fell.  He claims that Warden Ed Castenada was deliberately indifferent to his serious medical needs.

Mr. Diamond contends that he reported to sick call on December 20, 2007 with a request to check his blood glucose levels.  Nurse Fischer determined that his levels were low, and gave him a tube of glucose.  He states that there is a chair in the office in which inmates are normally permitted to sit while their glucose levels normalize.  He claims he was not permitted to sit in the chair this time, and was told that other patients were coming in and he would have to wait in the hallway.  He states that he was not permitted to sit in the office chair in retaliation for grievances he filed against the department and Nurse Crystal.

Finally, Mr. Diamond includes claims against the MCI Institutional Inspector and the ODRC Assistant Chief Inspector.  He contends that they were aware of his situation through the grievances he filed and they failed to taken corrective actions.  He claims that they are therefore liable to him for violation of his constitutional rights.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

        As an initial matter, a plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably associate R.D. Smith and Assistant Chief Inspector Kay Northrup to any of the claims set forth by plaintiff.  In fact, the only connection these two individuals have to the allegations in the complaint is that they answered Mr. Diamond's grievances.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

        Mr. Diamond alleges that the remaining defendants were deliberately indifferent to his serious medical needs.  Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  When deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by

---

[1]      An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

the Eighth Amendment, the court must consider two factors.. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991) First, a plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. <u>Id.</u>. Seriousness is measured in response to "contemporary standards of decency." <u>Hudson v. McMilian</u>, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. <u>Id.</u> Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. <u>Id.</u> at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. <u>Id.</u> A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Where prison officials show deliberate indifference to serious medical needs of prisoners, such conduct amounts to cruel and unusual punishment under the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Mere negligence in diagnosing or treating a medical condition, however, does not state a valid Eighth Amendment claim. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Id.</u> Furthermore, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Mr. Diamond claims that Nurse Crystal would not expedite a medical appointment to review test results with a prison physician. He also claims that he was scheduled to see the prison physician and was instead sent to see a specialist outside of the prison. He returned later the same day and was not permitted to also see the prison physician to discuss the same ailment. The appointment was given to another inmate who had reported for sick call. Neither of these

5

allegations reasonably suggests that Mr. Diamond's Eighth Amendment rights were violated.  He was not denied medical care.  Indeed, he was taken to an outside hospital to confer with a specialist on at least three occasions.  The fact that Nurse Crystal did not expedite his appointment with the prison physician to review test results, and would not permit him to see the prison physician immediately after returning from an appointment with the specialist does not rise to the level of deliberate indifference.

Mr. Diamond also alleges that Nurse Crystal laughed at him when he attempted to press the issue of the seeing the prison physician after returning from his appointment with the specialist.   Verbal harassment and offensive comments are generally not cognizable as constitutional deprivations.  See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987).  There are no allegations in the complaint which suggest that this incident rose to the level of an Eighth Amendment violation.

Similarly, Mr. Diamond claims that Nurse Fischer would not allow him to sit in a chair in the medical office while his blood glucose levels normalized, but instead made him wait in the hallway.  Mr. Diamond received medical treatment for his condition.  While he may have been more comfortable in the chair in the office, there is no indication that he was subjected to cruel and unusual punishment by Nurse Fischer.

Mr. Diamond's last Eighth Amendment claim is asserted against Warden Ed Castenada.  He states he was shackled and handcuffed during his transport to and from the Corrections Medical Center pursuant to Mr. Castenada's security policy.  He claims his cane became tangled in the chains and he tripped.  Mr. Diamond contends that the warden was deliberately indifferent to his serious medical needs.  In evaluating the constitutionality of the

6

conduct of prison officials, the courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Placing plaintiff in leg shackles when he was being transported out of the prison clearly involves the need to preserve internal order and discipline and to maintain institutional security. Id. The policy alone does not violate the Eighth Amendment.

Furthermore, the fact that the guards escorting Mr. Diamond did not better assist him to avoid the fall does not translate to an Eighth Amendment claim against the warden. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)).  Rather, the supervisors must have actively engaged in unconstitutional behavior. Id.  Liability must lie upon more than a mere right to control employees and cannot rely on simple negligence.  Id.  Plaintiff must show that the supervisor somehow encouraged or condoned the actions of his subordinates.  Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). Here, Mr. Diamond does not allege that the warden condoned or encouraged the actions of the officers escorting Mr. Diamond.  Moreover, Mr. Diamond does not allege facts which suggest that his fall was anything more than an accident.  At best the guards escorting Mr. Diamond were negligent in failing to properly assist him.  Even if the actions of the corrections officers could be linked to the warden, negligence will not support a claim under the Eighth Amendment.

Finally, Mr. Diamond asserts that Nurse Crystal and Nurse Fischer retaliated against him.  The claim is stated only as a vague legal conclusion unsupported by factual allegations.  Legal

conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987); <u>see also</u>, <u>Place v. Shepherd</u>, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ David A. Katz
_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.

8